Filed 9/27/23  P. v. Shepard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS SHEPARD,<br><br>        Defendant and Appellant. | C098201<br><br>(Super. Ct. No. 17FE001101) |

In October 2019, defendant Marcus Shepard pled no contest to the second degree murder (Pen. Code, § 187, subd. (a))**1** of his three-year-old nephew in exchange for 15 years to life in state prison and dismissal of a child abuse charge (§ 273ab).  The court sentenced defendant to an indeterminate term of 15 years to life.

---

**1** Undesignated statutory references are to the Penal Code.

1

In February 2022, defendant filed a petition for resentencing under section 1172.6. The court obtained briefing from counsel and held a prima facie hearing. The trial court denied the petition after finding defendant failed to make a sufficient prima facie showing because he pled no contest after sections 188 and 189 had been amended and therefore admitted all the elements of the second degree murder offense under the new statutory scheme. Defendant appealed.

Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 that set forth the relevant procedural history of the case and asked this court to independently review the record and determine whether any arguable issues on appeal exist. Counsel also advised defendant that he had 30 days to file a supplemental brief and that failure to do so may result in dismissal of the appeal.

On July 13, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order it dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
MESIWALA, J.